FILED
2006 Apr-11 PM 02:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MANSON FISHER, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:05-cv-2051-WMA-TMP |
| | ) |
| ROY HIGHTOWER, et al., | ) |
| | ) |
|     Defendants. | ) |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 10, 2005, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on November 29, 2005 (Doc. # 6).

Plaintiff objects to the magistrate judge's finding that the prison's prohibition on commercial pen-pal lists is reasonable and thus constitutional. Plaintiff argues that there are no facts before the court showing that the policy has a logical connection to a valid penological concern. Plaintiff's argument is without merit. The policy itself states, "**Due to the impact on mail personnel**, commercial pen-pal lists are not allowed at this institution . . . ." Indeed, the policy banning commercial pen-pal lists was enacted to combat the increased burden on prison mail staff and is therefore reasonably related to legitimate prison personnel interests.

Furthermore, Plaintiff contends that the prison's policy on commercial pen-pal lists should not apply to him because he receives his pen-pal list free of charge. Whether Plaintiff pays for the

pen-pal list or receives the list free of charge is of no consequence to the increased burden placed on prison personnel when dealing with the bulk of commercial pen-pal lists. Therefore, Plaintiff's argument that the list is free is also without merit.

Plaintiff further objects to the magistrate judge's finding that his claim against Defendant Donal Campbell in his individual capacity is due to be dismissed. The magistrate judge held that Plaintiff's claim against Defendant Campbell is based on the theory of *respondeat superior* and thus not cognizable under 42 U.S.C. § 1983. Plaintiff argues that Defendant Campbell "is responsible for the approval and implimentation (sic) of the policy that violated Plaintiff's First Amendment [rights]." (Doc. # 6.) However, even if Plaintiff could show that Defendant Campbell personally approved or implemented the policy, the policy itself is not unconstitutional and therefore Plaintiff cannot state a claim against Defendant Campbell.

Plaintiff further seeks to amend his complaint to allege that he has no available alternative, such as non-commercial pen-pal lists. It is well settled that motions to amend are left to the sound discretion of the trial judge. *See, e. g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered by FED. R. CIV. P. 15(a)'s proviso that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to allow amendment if to do so would be futile." *Laborers Local 938 Joint Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Furthermore, where "the allegations contained in plaintiff's motion to amend are vague, conclusory, and unsupported by any facts" it is inappropriate to grant the motion. *Lee X v. Casey*, 771 F. Supp. 725, 733 (E.D. Va. 1991). Plaintiff fails to support his

motion to amend with any facts showing that he cannot receive non-commercial pen-pal lists.  As such, his motion to amend his complaint is due to be DENIED.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.  Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).  A Final Judgment will be entered.

DATED this 11th day of April, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE